1  THOMAS P. O'BRIEN
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   RICHARD M. PARK
4  Assistant United States Attorney
   California State Bar No. 236173
5        Room 7516, Federal Building
         300 North Los Angeles Street
6        Los Angeles, California  90012
         Telephone: (213) 894-3275
7        Facsimile: (213) 894-7819
         richard.park@usdoj.gov
8
   Attorneys for Federal Defendants
9

10               UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13

14  SEAN DAVID MORTON and MELISSA MORTON,  ) NO. CV 09-1875-PA (JCx)
                                          )
                                          )
15              Plaintiffs,               ) **DEFENDANTS' NOTICE OF**
                                          ) **MOTION AND MOTION TO**
16      v.                                ) **DISMISS, OR IN THE**
                                          ) **ALTERNATIVE FOR A MORE**
17  BENNETT ELLENBOGEN, TIM JOHNSON, ERIC ) **DEFINITE STATEMENT;**
    HOLDER, JR., Attorney General of the  ) **MEMORANDUM OF POINTS AND**
18  United States, THOMAS P. O'BRIEN, U.S.) **AUTHORITIES.**
    Attorney for the Central District of  )
19  California,                           )
                                          ) [Hon. Percy Anderson]
20                                        )
                Defendants.               )
21  _____) DATE: June 15, 2009
                                          ) TIME: 1:30 p.m.
22                                        ) CTRM: 15

23  **NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR**

24              **A MORE DEFINITE STATEMENT**

25      PLEASE TAKE NOTICE that on June 15, 2009 at 1:30 p.m., or as

26  soon thereafter as counsel may be heard, in the Courtroom of the

27  Honorable Percy Anderson, United States District Judge, located

28  at 312 North Spring Street, Los Angeles, CA 90012, defendants

    will move to dismiss the action because the complaint fails to

1  comply with the pleading requirements of Fed. R. Civ. P. 8.  In

2  the alternative, defendants will move for a more definite

3  statement pursuant to Fed. R. Civ. P. 12(e).

4     This motion is made on the grounds that the complaint fails

5  to contain a short and plain statement of the claim showing that

6  the pleader is entitled to relief, and the averments of the

7  complaint are not simple, concise and direct.

8     This motion is based on this Notice of Motion and Motion,

9  upon the Memorandum of Points and Authorities, and upon such

10 arguments as the Court may allow at the time of the hearing.

11    The parties did not conduct a Local Rule 7-3 meet and confer

12 because Plaintiffs are in *pro se*.

13 DATED: May 18, 2009.              Respectfully submitted,

14                                   THOMAS P. O'BRIEN
                                     United States Attorney
15                                   LEON W. WEIDMAN
                                     Chief, Civil Division
16                                   Assistant United States Attorney

17

18                                   /s/ Richard Park
                                     RICHARD M. PARK
19                                   Assistant United States Attorney

20                                   Attorneys for Federal Defendants

21

22

23

24

25

26

27

28

                                     i

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs Sean David Morton and Melissa Morton, acting in *pro se*, have filed a 31-page, 144-paragraph complaint in which they (1) assert nine random grounds for federal court jurisdiction, (2) fail to identify how two of the four defendants[1] are involved in the complaint and (3) provide inadequate factual support for any of their causes of action.

Generally, plaintiffs allege that they are the targets of an unjustified investigation by the Securities and Exchange Commission ("SEC") for their involvement in certain investment-related activities.  See Complaint, ¶¶ 20, 67.  In connection with the investigation, Plaintiffs seem to claim that defendants Bennett Ellenbogen and Stephen Johnson[2], two SEC attorneys, have committed mail and wire fraud, see id., ¶¶ 20, 67, which entitles plaintiffs to present evidence to a grand jury. See Id., ¶¶ 112-120.  Finally, plaintiffs submit rambling and argumentative prose regarding their beliefs that federal judges are subject to pressure and intimidation by the United States Department of Justice.  See Id., ¶¶ 70-102, 122-144.

---

[1]  Except for being listed as named defendants in the complaint, Eric Holder, Jr., Attorney General for the United States, and Thomas P. O'Brien, United States Attorney for the Central District of California are not cited anywhere in the factual allegations, causes of action, or relief requested.  As such, plaintiffs' inclusion of these defendants improperly adds to the ambiguity and confusion in the complaint.

[2]  The correct name for named defendant "Tim Johnson" is in fact "Stephen Johnson"

1   Because of the vagueness and ambiguity of plaintiffs' claims
2   and lack of specific supporting facts, defendants hereby move to
3   dismiss the action or, in the alternative, for a more definite
4   statement pursuant to Rule 12(e) of the Federal Rules of Civil
5   Procedure, on the ground that the complaint fails to comply with
6   the pleading requirements of Rule 8.

7                                  **II.**

8   **THE COURT SHOULD DISMISS THIS ACTION OR ORDER PLAINTIFFS TO FILE**
9   **A MORE DEFINITE STATEMENT OF THEIR CLAIMS IN A FIRST AMENDED**
10  **COMPLAINT**

11  A.   **The Complaint Should Be Dismissed Pursuant to Rule 8**

12       Federal Rule of Civil Procedure 8(a)(2) requires "a short
13  and plain statement of the claim showing that the pleader is
14  entitled to relief."  Rule 8(d)(1) provides that "each allegation
15  must be simple, concise, and direct."  "A complaint which fails
16  to comply with Rules 8(a) and 8(e) may be dismissed <u>with</u>
17  <u>prejudice</u> pursuant to Rule 41(b)."  <u>Nevijel v. Northcoast Life</u>
18  <u>Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981)(emphasis added).

19       Notwithstanding the liberal pleading requirements of the
20  Federal Rules of Civil Procedure, a plaintiff is required to
21  state a claim with "brevity, conciseness and clarity" which will
22  "discharge the function of giving the other party fair notice of
23  the nature and basis or grounds of the claim and a general
24  indication of the type of litigation involved."  5 <u>Wright and</u>
25  <u>Miller</u>, Federal Practice and Procedure, § 1215, at 136-38 (2d ed.
26  1990); <u>see also</u> Fed. R. Civ. P. 8(a).  It is well-settled that a
27  district court has discretion to dismiss an action for failure to
28  comply with the requirements of Rule 8 where the complaint is so

1  "verbose, confused and redundant that its true substance, if any,

2  is well-disguised." <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th

3  Cir. 1965)

4      To that end, the Ninth Circuit has repeatedly held that

5  complaints such as plaintiffs', which fail to comply with the

6  requirements of Rule 8, are subject to dismissal.  <u>See</u>, <u>e.g.</u>,

7  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

8  (affirming dismissal of a 53-page third amended complaint that

9  was "argumentative, prolix, replete with redundancy, and largely

10  irrelevant"); <u>Hatch v. Reliance Insurance Co.</u>, 758 F.2d 409, 415

11  (9th Cir. 1985) (affirming dismissal of complaints, "which,

12  including attachments, exceeded 70 pages in length, were

13  confusing and conclusory and not in compliance with Rule 8");

14  <u>Nevijel v. North Coast Life Insurance Co.</u>, 651 F.2d 671, 673-74

15  (9th Cir. 1981) (affirming a dismissal of a 23-page amended

16  complaint with 24 pages of addenda found to be verbose, confusing

17  and conclusory); <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir.

18  1964) (per curiam) (affirming dismissal of complaint for alleged

19  fraud and conspiracy in violation of civil rights, where

20  complaint was "so verbose, confused and redundant that its true

21  substance, if any, is well disguised").  "Rule 8(a) requires

22  parties to make their pleadings straightforward, so that judges

23  and adverse parties need not try to fish a gold coin from a

24  bucket of mud."  <u>United States ex rel. Garst v. Lockheed-Martin</u>

25  <u>Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003).

26      The complaint fails to comply with the pleading requirements

27  of Rule 8, which makes it impossible for Defendants to frame a

28  meaningful responsive pleading.  Far from being a "short and

iv

1  plain statement" of their claims, plaintiffs' 31-page, 144-

2  paragraph complaint devotes much attention to matters not

3  directly related to their claims.  For instance, plaintiffs spend

4  a significant part of their complaint defending their actions,

5  which are the subject of an investigation by the Securities and

6  Exchange Commission.  See Compl. ¶¶ 11-60.  In addition,

7  plaintiffs devote twenty paragraphs to lashing out at federal

8  judges who "ignore the law and evidence in criminal cases in

9  order to uphold criminal convictions," see id. ¶¶ 71-81, which

10  purportedly stemmed from a "1989 Bush directive" to "ignore the

11  Constitutional Rights of defendants in criminal cases. . ." See

12  Compl. ¶¶ 82-102.  In addition, the complaint includes confusing

13  and conclusory claims that defendants Ellenbogen and Johnson

14  engaged in mail and wire fraud, see id. ¶¶ 109-110, and verbose

15  and unsupported allegations that federal judges are subject to

16  pressure and intimidation by the United States Department of

17  Justice.  See Id., ¶¶ 70-102, 122-144.

18  B.  **The Complaint Fails To Comply With The Pleading Requirements**

19      **Of Rules 8 and 12(e) of the Federal Rules of Civil Procedure**

20      Under Rule 12(e) of the Federal Rules of Civil Procedure, a

21  movant seeking a more definite statement "must point out the

22  defects complained of and the details desired."  Fed. R. Civ. P.

23  12(e).  When a pleading fails to comply with the pleading

24  requirements of Rule 8, a defendant may "move for a more definite

25  statement under Rule 12(e) before responding."  Swierkiewicz v.

26  Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1

27  (2002).  A review of the complaint reveals that plaintiffs should

28  provide more clarity and information with respect to the

following issues:

- Specific grounds for the Court's jurisdiction, reduced from the nine random grounds currently listed. <u>See</u> Compl. ¶¶ 82-102.

- Specific factual allegations or causes of action which require the inclusion of Eric Holder, Jr., Attorney General for the United States, and Thomas P. O'Brien, United States Attorney for the Central District of California as named defendants in the complaint.

- Factual support, if any, for the First Cause of Action, which seeks mandamus relief. <u>See</u> <u>Id.</u> ¶¶ 103-107.

- Factual support, if any, for the Second Cause of Action, which alleges mail fraud, wire fraud and/or fraud under 18 U.S.C. § 1346 against certain defendants. <u>See</u> <u>Id.</u> ¶¶ 108-111.

- Factual support, if any, for the Third Cause of Action, which alleges that the Executive Branch of the federal government, and specifically, the United States Department of Justice are exerting pressure on federal judges. <u>See</u> <u>Id.</u> ¶¶ 122-144.

- In general, factual support for all of plaintiffs' causes of action which provide legal citations, but virtually no factual support. <u>See</u> <u>Id.</u> ¶¶ 103-144.

Accordingly, the complaint fails to satisfy the requirements of Fed. R. Civ. P. 8, and the Court should order plaintiffs to file a more definite statement of their claims.

vi

1          **III.**

2       **CONCLUSION**

3          For the foregoing reasons, defendants respectfully request

4    the Court to dismiss this action pursuant to Rules 8 and 12(b)(6)

5    of the Federal Rules of Civil Procedure, or in the alternative,

6    order plaintiffs to file a more definite statement of their

7    claims in a first amended complaint in accordance with Rule 8 and

8    12(e).

9    DATED: May 18, 2009.          Respectfully submitted,

10                                 THOMAS P. O'BRIEN
                                   United States Attorney
11                                 LEON W. WEIDMAN
                                   Chief, Civil Division
12                                 Assistant United States Attorney

13

14                                 /s/ Richard Park
                                   RICHARD M. PARK
15                                 Assistant United States Attorney

16                                 Attorneys for Federal Defendants

17

18

19

20

21

22

23

24

25

26

27

28