FILED
2009 JUN -9 PM 1:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

Sean David Morton
Melissa Morton
2207 Hermosa Avenue
Hermosa Beach, CA 90254
(310) 374-6039

Plaintiffs, Pro se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEAN DAVID MORTON, <br> MELISSA MORTON, <br><br> Plaintiffs, <br><br> vs. <br><br> BENNETT ELLENBOGEN, <br> STEVE JOHNSON, <br> ERIC HOLDER, Jr., <br> Attorney General of the United States, <br> THOMAS P. O'BRIEN, U.S. Attorney <br> For the Central District of California, <br> And other unknown federal employees, <br><br> Defendants. | Civil Action No. 09-1875-PA (JCX) <br><br><br> PLAINTIFFS' OPPOSITION TO <br> DEFENDANTS' NOTICE OF MOTION <br> AND MOTION TO DISMISS, OR IN <br> THE ALTERNATIVE FOR A MORE <br> DEFINITE STATEMENT |

COME the Plaintiffs in the above-entitled action, Sean David Morton and Melissa Morton, and oppose Defendants' Notice of Motion and Motion to Dismiss, or in the Alternative For A More Definite Statement for any and several of the following reasons:

1. Plaintiffs have a viable set of claims.

2. Cases are supposed to be decided on the merits not disposed of on technicalities.

3. Dismissal of Plaintiffs' Complaint prior to completion of discovery would be an abuse of discretion on the part of this Court.

1

See Memorandum of Points and Authorities in Support, attached hereto.

WHEREFORE, Plaintiffs move this Court to allow them discovery and a ruling on the merits.

Dated: ~~May~~ June 9, 2009

Respectfully submitted,

*/s/ Sean David Morton*
Sean David Morton, Pro se
2207 Hermosa Avenue
Hermosa Beach, CA 90254
(310) 374-6039

*/s/ Melissa Morton*
Melissa Morton, Pro se
2207 Hermosa Avenue
Hermosa Beach, CA 90254
(310) 374-6039

Sean David Morton
Melissa Morton
2207 Hermosa Avenue
Hermosa Beach, CA 90254
(310) 374-6039

Plaintiffs, Pro se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEAN DAVID MORTON, ) <br> MELISSA MORTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BENNETT ELLENBOGEN, ) <br> TIM JOHNSON, ) <br> ERIC HOLDER, Jr., ) <br> Attorney General of the United States, ) <br> THOMAS P. O'BRIEN, U.S. Attorney ) <br> For the Central District of California, ) <br> And other unknown federal employees, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 09-1875-PA (JCX) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT |

COME the Plaintiffs in the above-entitled action, Sean David Morton and Melissa Morton, and would show this Court the following.

**1. Plaintiffs have a viable set of claims.**

Are the Plaintiffs the targets of an unjustified SEC investigation or not? Defendants' Notice of Motion and Motion to Dismiss, or in the Alternative For A More Definite Statement (hereinafter, "Motion to Dismiss"), p. ii.

Have Defendants Bennett Ellenbogen and Stephen Johnson committed mail and wire fraud or have they not? Motion to Dismiss, p. ii.

1

If so, is it not the *duty* of Defendants Thomas P. O'Brien and Eric Holder, Jr. to *investigate*?

Are federal judges subject to pressure and intimidation or are they not? Motion to Dismiss, p. ii.

Should this Court issue an Order directing the Plaintiffs to file a more definite statement? Perhaps.

> The proper functioning of our adversarial system of justice depends not only on the parties' vigorous advocacy of their positions but also on the judge's adroit supervision of the litigation. The sphere of case management extends to the definition of legal issues. To mention one of many possible illustrations, a district court possesses the authority to recommend to a plaintiff how she might reshape the complaint to escape dismissal. *See, e.g., Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Similarly, a district court, exercising its powers under Fed. R. Civ. P. 15(b), in a proper case, "may amend the pleadings merely by entering findings on the unpleaded issues," *Galindo*, 793 F.2d at 1513 n. 8 (collecting cases), even though neither party has essayed a formal amendment.

*Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168 (1st Cir. 1995).

## 2. Cases are supposed to be decided on the merits not disposed of on technicalities.

Should Plaintiffs' Complaint be dismissed because of failure to comply with Federal Rule of Civil Procedure 8? Not according to Ninth Circuit case law (note that many of the cases cited by Defendants are cited in this case):

> Defendants moved to dismiss the FAC, again raising Rule 8 and Rule 12(b)(6) arguments. The district court granted the motion to dismiss with prejudice "for failure to obey the June 25 order requiring [plaintiff] to comply with Rule 8(a)." The court also stated "that alternative measures less drastic than dismissal with prejudice would [not] be effective here. *See McHenry* [*v. Renne*], 84 F.3d [1172,] 1178 [(9th Cir. 1996)]."

*Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124 (9th Cir. 2008).

> In *Nevijel*, 651 F.2d 671, we upheld a Rule 8(a) dismissal of a 48-page

2

complaint that contained an additional 23 pages of addenda and exhibits. The complaint was characterized as "'verbose, confusing and almost entirely conclusory.'" *Id.* at 674. After the district court dismissed the original complaint without prejudice, the plaintiff filed a late amended complaint that "named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id.* We found no abuse of discretion because the district court provided "reasonable opportunities and alternatives" before dismissing with prejudice; in light of the fact that the plaintiff offered no excuse for the late filing and utterly failed to comply with the district court's order, there was no reason to think that an additional opportunity would yield different results. *See id.*

*Id.*

Note that there is a "heightened pleading requirement for averments of fraud." Which one is it? Heightened or concise?

In *Gillibeau v. City of Richmond*, 417 F.2d 426, 431-32 (9th Cir. 1969), one of the claims named seven defendants. As to only one of these defendants, that claim was dismissed for failing to comply with Rule 8(a)(2). This court reversed the dismissal based on Rule 8(a)(2). In doing so, this court stated that "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* at 431 (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). The claim at issue did not satisfy those criteria.

*Id.*

Nor does this one.

*Agnew* cannot fairly be read as holding that excessive length, by itself, is a sufficient basis for finding a violation of Rule 8(a). Two Ninth Circuit cases decided shortly after *Agnew* characterize the holding of *Agnew* as being limited to a complaint that is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau*, 417 F.2d at 431; *Corcoran*, 347 F.2d at 223. *Agnew* has never been cited by this court as standing for the proposition that a complaint may be found to be in violation of Rule 8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding.

*Id.*

3

[5] The district court also has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option would have been to simply strike the surplusage from the FAC. See *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *Fallon v. U. S. Gov't*, No. CIV S-06-1438, 2007 WL 707531, *2 (E.D. Cal. March 6, 2007); *Grayson v. Schriro*, No. CIV 05-1749, 2007 WL 91611, *3 (D. Ariz. Jan. 11, 2007) (quoting *Marshall v. United Nations*, No. CIV S-05-2575, 2006 WL 1883179, *3 (E.D. Cal. July 6, 2006)). Many or all of the paragraphs from 33 through 207 of the FAC, covering 38 pages, could have been stricken. Alternatively, the judge could have excused Defendants from answering those paragraphs.

[6] Because dismissal with prejudice is a harsh remedy, our precedent is clear that the district court "should first consider less drastic alternatives." *McHenry*, 84 F.3d at 1178. In weighing possible alternatives against the consequences of dismissal with prejudice, the district court should consider, for example, whether "public policy strongly favor[s] resolution of this dispute on the merits." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).

*Id.*

This case should likewise be adjudicated on the merits.

As for the "more clarity and information" the Defendants request on p. vi of their Motion to Dismiss:

    a.    Only one (1) ground has to exist for this Court's jurisdiction. Even if this Court strikes eight (8) of those grounds, this Court still has jurisdiction.

    b.    Defendant Eric Holder, Jr. is the head of the federal government agency that is responsible for all the corruption in the federal courts.

Defendant Thomas P. O'Brien is the United States Attorney who will—and has been—blocking citizen access to the Special Grand Jury in Los Angeles. See Complaint, pp. 22-23.

    c.    Factual support for the First Cause of Action is described in the Complaint, pp. 3-13 (though 10 pages of facts are, apparently, not "concise" enough).

    d.    For the other causes of action, ditto.

4

**3.     Dismissal of Plaintiffs' Complaint prior to completion of discovery would be an abuse of discretion on the part of this Court.**

There is another consideration this Court should take into account.

Litigants who must frame their claims before obtaining discovery often find it necessary to conform their theories to the facts as time goes on . . . *Adler v. Pataki*, 185 F.3d 35, 41 (2nd Cir. 1999).

"If discovery is necessary to establish a claim, then it is not unreasonable to file a complaint so as to obtain the right to conduct that discovery." *Kraemer v. Grant County*, 892 F.2d 686, 690 (7th Cir. 1990).

WHEREFORE, Plaintiffs move this Court to allow them discovery and a ruling on the merits.

Respectfully submitted,

Dated: May ___, 2009

*[signature]*
Sean David Morton, Pro se
2207 Hermosa Avenue
Hermosa Beach, CA  90254
(310) 374-6039

*[signature]*
Melissa Morton, Pro se
2207 Hermosa Avenue
Hermosa Beach, CA  90254
(310) 374-6039

**PROOF OF SERVICE BY MAILING**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is:

   _____

3. I mailed or personally delivered a copy of the

   **PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT with MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

   as follows:

   a. Mail. I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:
          (a) Name of person served:
          (b) Address on envelope:

              Leon W. Weidman, Chief Civil Division
              Assistant United States Attorney
                   and
              Richard M. Park
              Assistant United States Attorney
              Room 7516, Federal Building
              300 North Los Angeles Street
              Los Angeles, CA  90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May ____, 2009

_____          _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE BY MAILING**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is:

   2878 Via Victoria, Palos Verdes, CA, 90274

3. I mailed or personally delivered a copy of the

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT with MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

as follows:

   a. Mail. I am a resident of or employed in the county where the mailing occurred.

   (1) I enclosed a copy in an envelope and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) The envelope was addressed and mailed as follows:
   (a) Name of person served:
   (b) Address on envelope:

   Leon W. Weidman, Chief Civil Division
   Assistant United States Attorney
   and
   Richard M. Park
   Assistant United States Attorney
   Room 7516, Federal Building
   300 North Los Angeles Street
   Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: ~~May~~ June 9, 2009

Stephen J. Sallus
(TYPE OR PRINT NAME)

Stephen J. Sallus
(SIGNATURE OF DECLARANT)