JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1875 PA (JCx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Sean David Morton, et al. v. Bennett Ellenbogen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS — MOTION TO DISMISS

Before the Court is a Motion to Dismiss ("Motion") filed by defendants Bennett Ellenbogen, Tim Johnson,[1] Eric Holder, Jr., and Thomas P. O'Brien ("Defendants") (Docket No. 10). Defendants challenge the sufficiency of the Complaint filed by plaintiffs Sean David Morton and Melissa Morton ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 15, 2009, is vacated, and the matter taken off calendar.

Plaintiffs, who are appearing pro se, allege they are the targets of an unjustified investigation by the Securities and Exchange Commission ("SEC") for their involvement in investment-related activities. Plaintiffs ask the Court to halt the allegedly unjustified investigation. Plaintiffs also assert that defendants Ellenbogen and Johnson have committed mail and wire fraud, and claim they are entitled to present evidence to a grand jury on these matters. Finally, Plaintiffs allege a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") by the federal judiciary to deprive criminal defendants of their constitutional rights under a directive from former President George Herbert Walker Bush. Arguing that the Complaint is vague, ambiguous, and lacking in factual support, Defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements. Alternatively, Defendants request a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[1]      According to Defendants, the correct name for "Tim Johnson" is in fact Stephen Johnson.

Dockets.Justia.com

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1875 PA (JCx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Sean David Morton, et al. v. Bennett Ellenbogen, et al. | | |

assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  Id. at 555-56, 127 S. Ct. at 1965 (citations omitted); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  For a complaint to survive a motion to dismiss, it must contain "only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

Although it is somewhat difficult to decipher Plaintiffs' rambling and confusing Complaint, the Court concludes that the allegations do not satisfy the Twombly standard.  None of the allegations rise "above the speculative level" or could be considered "plausible" rather than merely possible.  Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''") (quoting Twombly, 550 U.S. at 556, 570, 127 S. Ct. at 1965, 1974).

More specifically, Plaintiffs' first claim appears to seek an order requiring defendants Ellenbogen and Johnson to halt their investigation into Plaintiffs' activities.  In asserting their first claim, Plaintiffs rely on the Administrative Procedures Act, 5 U.S.C. §§ 701-06, and 28 U.S.C. § 1361, which confers upon the Court jurisdiction over mandamus actions to compel a federal official to perform a duty owed to the plaintiff.  The Court concludes, however, that because Defendants' investigation is discretionary, Plaintiffs cannot state a claim for mandamus.  See Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986) ("Mandamus relief is available to compel an official of the United States to perform a duty owed to an individual only if (1) the individual's claim is clear and certain; (2) the official's duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." (quoting Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986)).

Plaintiffs' second claim is ostensibly brought pursuant to Federal Rule of Criminal Procedure 6(a) and 18 U.S.C. § 3332(a).  Rule 6(a) and § 3332 govern the summoning and duties of grand juries.  Plaintiffs apparently seek to present evidence of Defendants' wrongdoing to a grand jury.  There is no private right of action for such a claim under Rule 6(a) or § 3332.  As a result, Plaintiffs' second claim fails to state a claim upon which relief could be granted.

Finally, the Complaint's third claim attempts to allege a RICO violation arising out of Plaintiffs'

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1875 PA (JCx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | Sean David Morton, et al. v. Bennett Ellenbogen, et al. | | |

theory that the Executive Branch has exercised undue pressure against the Judiciary.  According to Plaintiffs, this intimidation violates 18 U.S.C. § 1503 and has resulted in corrupt rulings at the behest of the Department of Justice.  Plaintiffs' nonsensical allegations fail to properly allege a RICO claim.  Moreover, there is no private right of action under 18 U.S.C. § 1503.  See Scherer v. United States, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003) (citing cases).  As a result, Plaintiffs' third claim fails to state a claim upon which relief could be granted.

In their Opposition, which was filed eight days late, Plaintiffs argue that the Complaint is sufficient to provide them with an opportunity to conduct discovery in an effort to obtain evidence in support of their allegations.  The Court, however, concludes that the Complaint falls well below the "plausibility" standard established in Twombly.  Plaintiffs' theories and allegations do not state viable claims for relief, nor could they even if Plaintiffs were granted leave to amend.  See Flowers v. First Hawaiian Bank, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment . . . A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").  Accordingly, the Court dismisses this action with prejudice.

IT IS SO ORDERED.